## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA

### JACKSONVILLE DIVISION

| | |
|---|---|
| BIG VOICES MEDIA, LLC, a Florida Limited Liability Company, )<br><br>Plaintiffs, )<br><br>v. )<br><br>TED WENDLER, LUCILLE COBERLY, PATRICIA DEFAZIO, STEVE DEFAZIO, JAMES H. POST, and JACQUELIN POST, )<br><br>Defendants. )<br><br>TED WENDLER, LUCILLE COBERLY, PATRICIA DEFAZIO, STEVE DEFAZIO, CARLA DIRITO, JAMES H. POST, and JACQUELIN POST, )<br><br>Counter-Plaintiffs, )<br><br>v. )<br><br>BIG VOICES MEDIA, LLC and BILLIE TUCKER, )<br><br>Counter-Defendants ) | CASE NO. 3:12-cv-242-J-99MMH-JBT |

### MOTION TO STRIKE ALLEGATIONS AND EXHIBITS RELATED TO THE ALLEGED CRIMINAL HISTORY OF CLYDE FABRETTI AND INCORPORATED MEMORANDUM OF LAW

Big Voices Media, LLC ("BIG" or "Company") and Billie Tucker ("Tucker"),

(collectively, "Counter-Defendants") pursuant to Federal Rule of Civil Procedure 12(f), move to

strike from the Amended Counterclaim (Doc. #19) ("Counterclaim") filed by Counter-Plaintiffs

Ted Wendler, Lou Coberly, Patricia DeFazio, Steve DeFazio, Carla DiRito, James Post, and

Jacquelin Post ("Counter-Plaintiffs"), all mentions of and exhibits regarding the alleged criminal

history of Clyde Fabretti.  In support of their motion, Counter-Defendants state as follows:

1.       The Court should exercise its discretion and strike from the Counterclaim all

mentions of and exhibits regarding the alleged criminal history of Clyde Fabretti.  This

information is over 20 years old and has absolutely no connection to this case.  Moreover, it is

prejudicial to the Counter-Defendants because it creates the perception of "guilt-by-association."

2.       The Counterclaim alleges eight claims against the Counter-Defendants: (1) the

sale of unregistered securities and securities fraud under section 517.07, Florida Statutes (Count

I); (2) violation of the Counter-Plaintiffs' right to rescind their contributions under section

517.07, Florida Statutes (Count II); (3) securities fraud under section 517.301, Florida Statutes

(Count III); (4) control person liability under Section 20(a) of the Securities Exchange Act

(Count IV); (5) fraud in the inducement (Count V); (6) negligent misrepresentation (Count VI);

(7) conversion (Count VII); and (8) money had and received (Count VIII).  See Doc. #19 ¶¶ 44-

96.

3.       The Counterclaim, however, includes certain allegations and other information

regarding Clyde Fabretti, a consultant hired by BIG on a limited basis and who is not a party to

this action.  See id. ¶ 35.  It alleges Fabretti "was a criminal felon who had been convicted of

bank fraud and income tax evasion," and "still has significant unpaid tax liabilities to the IRS."

Id. ¶ 35.  In addition, the Counter-Plaintiffs attached as exhibits certified copies of (1) a Criminal

Indictment, (2) a Plea Agreement, (3) a Statement of Facts, (4) a Sentencing Memorandum, and

(5) a Criminal Judgment, all from proceedings that concluded *over 15 years ago in 1997*.  See

Doc #19-3.

4.      Federal Rule of Civil Procedure 12(f) states that a "court may order stricken from any pleading, any insufficient defense, or any redundant, immaterial or impertinent, or scandalous matter."  District courts have broad discretion in determining whether to grant a motion to strike under Rule 12(f).  See Microsoft Corp. v. Jesse's Computer's & Repairs, 211 F.R.D. 681, 683 (M.D. Fla. 2002).

5.      Fabretti's alleged criminal history has absolutely no connection to this case. Fabretti is not a party to this action.  The events leading up to the alleged criminal charges referenced by the Counterclaim occurred *over 20 years ago*, and the criminal proceedings concluded *15 years ago*.  See Doc. #19-3.  There is no allegation that Fabretti has been the subject of any other criminal proceedings or charges since that time.  See generally Doc. #19. Although the Counterclaim includes allegations that Fabretti acted as Tucker or BIG's "advisor" in the conduct of BIG's business, it contains no direct allegations that Fabretti was responsible for the Counter-Defendants' alleged wrongdoing.[1]  See generally Doc. #19 ¶¶ 44- 96.  Moreover, his alleged criminal history—which, again, is from 15-20 years ago—has no bearing on his current business conduct or ability to give business advice.

6.      Indeed, the Counterclaim's only allegations of Fabretti's recent conduct state that Fabretti consulted Tucker with regards to the Operating Agreement, and that Fabretti participated in a telephone conversation with Steve DeFazio in which he was "sympathetic" to Mr. DeFazio's concerns.  See id. ¶¶ 29, 32-35, 38.  The Counterclaim does not, however, allege that Fabretti

---

[1] The Counterclaim does mention in passing that the "Posts also became concerned when they learned that a person they did not know and had not met, Clyde Fabretti, was making, or helping Billie Tucker to make all of the material business and operational decisions for Big Voices."  However, the Counterclaim contains no allegation linking this statement, or Fabretti, to the charges ultimately alleged in Paragraphs 44 through 96.  Consequently, the Counter-Plaintiffs fail to allege that Fabretti was responsible for any of the alleged wrongdoing that forms the basis for the Counterclaim.

3

gave bad business advice, or that BIG or Tucker actually relied on any purported bad advice from Fabretti.  See id.

7.     Because the Counterclaim does not allege that Fabretti participated in any of the alleged wrongdoing, his criminal history is, therefore, completely irrelevant and immaterial to the claims in this case.  Accordingly, for this reason alone, this Court should strike from the Counterclaim (a) the portions of Paragraph 35 that reference Fabretti's alleged 20-year old criminal past and (b) Exhibit 3 in its entirety.  See, e.g., Wifgall v. Saint Leo Univ. Inc., 2012 WL 717868 (M.D. Fla. Mar. 6, 2012) (declining to take judicial notice of the criminal records of nonparties employed by the defendant employer on a retaliatory termination claim because the requesting party had not established their relevance to the claim at issue); Beiswenger Enters. Corp v. Carletta, 779 F. Supp. 160, 162 (M.D. Fla. 1991) (granting motion to strike allegations concerning an insurance policy because the extent of coverage was immaterial to the basis of the insurer's liability).

8.     In addition, the allegations concerning Fabretti's alleged criminal history are prejudicial to the Counter-Defendants because they create the perception of "guilt-by-association."  The Counterclaim appears to include these allegations for the sole purpose of fabricating the perception that the Counter-Defendants' actions were somehow fraudulent due to their mere association with Fabretti.  Accordingly, for this additional reason, this Court should exercise its discretion and strike from the Counterclaim (a) the portions of Paragraph 35 that reference Fabretti's alleged 20-year old criminal past and (b) Exhibit 3 in its entirety because they are prejudicial.  See Dennis v. Nw. Mut. Life Ins. Co., 2006 WL 1000308 (M.D. Fla. 2006) (granting a motion to strike because allegations of bad faith on an insurance coverage claim would prejudice the coverage claim at issue.)

WHEREFORE, Big Voices Media, LLC and Billie Tucker respectfully request that this Court:

1) Strike from the Counterclaim (a) the portions of Paragraph 35 that reference Fabretti's alleged 20-year old criminal past and (b) Exhibit 3 in its entirety; and

2) Grant any other relief deemed just and necessary.


## **LOCAL RULE 3.01(g) CERTIFICATION**

Counsel for Counter-Defendants Big Voices Media, LLC and Billie Tucker conferred with counsel for the Counter-Plaintiffs, but Counter-Plaintiffs do not assent to the relief sought in this motion.

Respectfully submitted,

BIG VOICES MEDIA, LLC and
BILLIE TUCKER

By their attorneys,

NELSON KINDER + MOSSEAU, P.C.


Dated:  May 7, 2012            By:    */s/ Robert M. Fojo, Esq.*
                                      Robert M. Fojo, Esq., *pro hac vice*
                                      Nelson Kinder + Mosseau, PC
                                      99 Middle Street
                                      Manchester, NH 03101
                                      Tel. 603-647-1800
                                      Fax. 603-647-1900
                                      Email: rfojo@nkmlawyers.com

                                      and

                                      */s/ Jeffrey W. Gibson, Esq.*
                                      Jeffrey W. Gibson, Esq.
                                      Macfarlane Ferguson & McMullen
                                      P.O. Box 1531
                                      201 North Franklin Street, Ste. 2000
                                      Tampa, FL  33601
                                      Tel:  813-273-4200
                                      Fax:  813-273-4396
                                      Email:  jg@macfar.com


## CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the ECF system on May 7, 2012, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).  To the best of my knowledge, information, and belief, there are no non-registered participants.

                                      */s/ Robert M. Fojo*
                                      Robert M. Fojo, Esq., *pro hac vice*

6