**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | |
|---|---|
| BIG VOICES MEDIA LLC, a Florida Limited Liability Company, )<br><br>Plaintiff, )<br><br>v. )<br><br>TED WENDLER, LUCILLE COBERLY, PATRICIA DEFAZIO, STEVE DEFAZIO, JAMES H. POST, and JACQUELIN POST, )<br><br>Defendants. )<br>_____ )<br><br>TED WENDLER, LUCILLE COBERLY, PATRICIA DEFAZIO, STEVE DEFAZIO, JAMES H. POST, and JACQUELIN POST, )<br><br>Counter-Plaintiffs, )<br><br>v. )<br><br>BIG VOICES MEDIA, LLC and BILLIE TUCKER, )<br><br>Counter-Defendants. )<br>_____ )  | Case No. 3:12-cv-242-UAMH-JBT |

**RESPONSE TO MOTION TO STRIKE ALLEGATIONS AND EXHIBITS**
**RELATED TO CLYDE FABRETTI'S CRIMINAL HISTORY**

Counter-plaintiffs, Ted Wendler, Lucille Coberly, Steven DeFazio, Patricia DeFazio, James H. Post and Jacquelin A. Post, file this Response to Plaintiff/Counter-defendant Big Voices Media, LLC and Counter-defendant Billie Tucker's Motion to Strike Allegations and Exhibits Related to the Alleged Criminal History of Clyde Fabretti and Incorporated Memorandum of Law (Docket No. 56), and state:

1. Motions to strike are drastic remedies, generally considered to be "time wasters," and are therefore usually disfavored by the courts. Carlson Corporation/Southeast v. School Bd. of Seminole County, 778 F. Supp. 518 (M.D. Fla. 1991); Goodbys Creek, LLC v. Arch Ins. Co., 2009 U.S. Dist. LEXIS 40739, *3 (M.D. Fla. Apr. 27, 2009) (Snyder, J.).

2. A motion to strike is appropriately granted only if "the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party." Wiand v. Dewane, 2011 U.S. Dist. LEXIS 109310, *35 (M.D. Fla. July 11, 2011) (citing F.T.C. v. Alcoholism Cure Corp., 2010 U.S. Dist. LEXIS 127836, *2 (M.D. Fla. 2008)).

3. This standard is rarely met.

> "A disputed question of fact cannot be decided on a motion to strike. It is true, also, that when there is no showing of prejudicial harm to the moving party, **the courts generally are not willing to determine disputed and substantial questions of law upon a motion to strike**. Under such circumstances, the court may properly, and we think should, defer action on the motion and leave the sufficiency of the allegations for determination on the merits." Augustus v. Board of Public Instruction, 306 F.2d 862, 866 (5th Cir. 1962).

Id. at **35-36 (bolded emphasis added).

4. In evaluating a motion to strike, "the court must treat all well pleaded facts as admitted and cannot consider matters beyond the pleadings." Microsoft Corp. v. Jesse's Computer & Repair, Inc., 211 F.R.D. 681, 683 (M.D. Fla. 2002).

5. In their Second Amended Counterclaim, Counter-plaintiffs have alleged, inter alia, securities fraud claims under the Securities Exchange Act, as well as Florida's corresponding blue sky laws, proof of which requires a showing of material misrepresentations or materially misleading omissions made with scienter in connection

with the sale of securities.  <u>SEC v. Merchant Capital, LLC</u>, 483 F.3d 747, 766 (11th Cir. 2007).

6. The materiality test is "whether a reasonable man would attach importance to the fact misrepresented or omitted in determining his course of action."  <u>Id.</u>

7. As specifically alleged in the Second Amended Counterclaim, Billie Tucker failed to disclose to the Counter-plaintiffs that Clyde Fabretti, Big Voices's touted "senior consultant" and apparently the mastermind behind Big Voices's business plan, spent almost two years in a federal prison after confessing to bank fraud and tax evasion charges.  <u>See</u> Second Amended Complaint (Docket No. 53) at 44-48, ¶¶ 40-43 & 48.  In summary, along with the other violations of federal and state securities laws, Counter-defendants intentionally failed to disclose that a former criminal felon participated in management decisions for the company.  <u>See id.</u> at 47-48, ¶ 48; 54-56, ¶¶ 70 & 75.

8. The materiality of such omission is self-evident.  First, reasonable investors would certainly consider Fabretti's fraud and tax evasion convictions to be important in deciding whether to trust their money investment with Big Voices given Fabretti's integral role in the company's management.  Further, the business plan circulated to the investors in connection with the sale of these securities expressly represented that this company, which is founded upon a politically-based mission, would only be owned by "like-minded" members.

9. Courts have found time and again that failures to disclose information indicating management's lack of integrity are material omissions in securities fraud enforcement actions.  <u>SEC v. Weintraub</u>, 2011 U.S. Dist. LEXIS 149999, **5-6 (S.D. Fla. Dec. 30, 2011) (finding that defendant's failure to disclose fraud and larceny convictions, injunctive orders barring him from acting as an officer or director of a public

corporation, his personal bankruptcy and failure to pay a non-dischargeable judgment to the SEC was an actionable, material omission under 10(b) and rule 10b-5); SEC v. Stinson, 2011 U.S. Dist. LEXIS 65723, **4-5 (E.D. Pa. June 20, 2011) (finding that defendants' failure to disclose Stinson's criminal history was a material omission); SEC v. Prater, 289 F. Supp. 2d 39, 52-53 (D. Conn. 2003) (finding that SEC made a prima facie case for violation of anti-fraud provisions of the securities laws where defendants failed to disclose "key facts" about its president's fraud convictions).

10. Counter-defendants do not deny the accuracy or truth of the allegations, but instead suggest that Clyde Fabretti's criminal history is too old to be relevant. As alleged in the Second Amended Counterclaim, to this day, Fabretti continues to owe significant tax liabilities to the IRS. See Second Amended Complaint at 44-45, ¶ 40. Whether or not his time-served and subsequent probation occurred fifteen years ago, the investors should have been given the opportunity to evaluate the details as to Clyde Fabretti's criminal record.

11. Counter-defendants suggest that because Fabretti is not a party to this action, his involvement in Big Voices's management and business decisions is somehow unrelated to the claims brought against Tucker and the company.

> Investors made their "purchases" with the expectation of returning a profit. **The investors' risk of financial loss was exacerbated by their lack of control over the investments and by their complete dependence on the efforts of Kirkland, this staff, and the management companies he hired for the endeavor's success.** A large number of people invested a great deal of money into Kirkland's failing scheme. The first prong of the Howey test is satisfied.

SEC v. Kirkland, 521 F. Supp. 2d 1281, 1292 (M.D. Fla. 2007) (bolded emphasis added).

Given Tucker's emphasis on Fabretti's business acumen and integral role in Big Voices, her failure to disclose his criminal background to prospective investors – especially since these were financial crimes – was materially misleading whether or not Fabretti is a named defendant in this action.  See generally, SEC v. Merchant Capital, LLC, 483 F.3d at 766;  SEC v. Stinson, 2011 U.S. Dist. LEXIS 65723, *4.

12. Counter-defendants claim that they are prejudiced because the Fabretti allegations create a perception of "guilt-by-association."  Indeed, such perception is exactly the point, and Fabretti's criminal history is in fact highly prejudicial to their defense of these securities and common law fraud claims.

13. The allegations in question (paragraphs 40-43 and 48 of the Second Amended Counterclaim along with Exhibits 3 and 4 attached to the Second Amended Complaint evidencing the facts contained in these allegations) are not just related to the controversy, but taken as admitted for the purposes of this Motion to Strike, are specifically alleged as part of Counter-plaintiffs prima facie claims for securities and common law fraud.

**WHEREFORE**, Counter-plaintiffs, Ted Wendler, Lucille Coberly, Steven DeFazio, Patricia DeFazio, James H. Post and Jacquelin A. Post, respectfully request the entry of an Order denying Counter-defendants Big Voices Media, LLC and Billie Tucker's Motion to Strike (Docket No. 56).

Dated: July 19, 2012
      Jacksonville, Florida

                                **SMITH HULSEY & BUSEY**

                                James H. Post, Esq.
                                Florida Bar Number 175460
                                225 Water Street, Suite 1800
                                Jacksonville, Florida  32202
                                (904) 359-7700
                                (904) 359-7708 (facsimile)

                                and

                                **COOPER, RIDGE & SAFI, P.A.**

                                <u>/s/ GEORGE E. RIDGE</u>
                                George E. Ridge, Esq.
                                Florida Bar Number 226701
                                gridge@attorneyjax.com
                                Tiffiny Douglas Safi, Esq.
                                Florida Bar Number 682101
                                tsafi@attorneyjax.com
                                Baywater Square Building
                                136 E. Bay Street, Suite 301
                                Jacksonville, Florida 32202
                                Telephone:   904.353.6555
                                Facsimile:    904.353.7550

                                **COUNSEL FOR THE COUNTER-PLAINTIFFS**

## <u>CERTIFICATE OF SERVICE</u>

     I HEREBY CERTIFY that on July 19, 2012, I electronically filed a copy of the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of the electronic filing to Jeffrey W. Gibson, Esq., MacFarlane Ferguson & McMullen, P.O. Box 1531, Tampa, Florida 33601; and Robert M. Fojo, Esq., Hickley, Allen & Snyder, 11 South Main Street, Suite 400, Concord, New Hampshire 03301.

                                <u>/s/ GEORGE E. RIDGE</u>
                                Attorney