UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

BIG VOICES MEDIA, LLC, *etc.*,

    Plaintiff,

v.                                                            CASE NO. 3:12-cv-242-J-99MMH-JBT

TED WENDLER, *et al.*,

    Defendants.
_____

TED WENDLER, *et al.*,

    Counter-Plaintiffs,

v.

BIG VOICES MEDIA, LLC and
BILLIE TUCKER,

    Counter-Defendants.
_____/

**ORDER**

**THIS CAUSE** is before the Court on Big Voices Media, LLC ("BVM") and Billie Tucker's ("Tucker") (collectively, "BVM/Tucker" or "Movants") Motion to Compel Defendants to Provide Better Answers to First Set of Interrogatories, Answer Second Set of Interrogatories, and Produce Text Messages ("Motion") (Doc. 81). Defendants/Counter-Plaintiffs Ted Wendler, Lucille Coberly, Patricia DeFazio, Steven DeFazio, James H. Post, and Jacquelin Post (collectively, "Defendants") filed a response in opposition to the Motion (*see* Doc. 85), and the matter is ripe for

disposition. For the reasons stated herein, the Motion is due to be **GRANTED in part** and **DENIED in part** as to Interrogatory 3 from the First Set of Interrogatories, **DENIED without prejudice** as to the requests for production of text messages, and **DENIED with prejudice** in all other respects.

### I. Background

This action was brought by BVM seeking a declaratory judgment to determine the rights of the parties with regard to investments made by Defendants. The Second Amended Complaint for Declaratory Judgment and Demand for Jury Trial ("SAC") (Doc. 31) seeks a declaration by the Court "that [BVM] has not violated the federal and Florida securities laws, that Defendants have breached their duties of loyalty, care, and good faith and fair dealing to [BVM], that Mr. Wendler committed professional negligence, and that Defendants are not entitled to return of their full capital contributions," (*id.* at ¶ 6). Defendants filed an Answer to the SAC, Affirmative Defenses and Second Amended Counterclaim (Doc. 53) against BVM/Tucker for rescission and damages, alleging, *inter alia*, violations of state and federal securities laws, fraud in the inducement, negligent misrepresentation, and conversion (*see id.* at 49-63). The amount at issue in this case, exclusive of any costs, interest or attorney's fees, appears to be $105,000. (*See* Docs. 31, 53.)

The Motion seeks an order compelling "Defendants to (1) provide better answers to [BVM/Tucker's] First Set of Interrogatories, (2) answer [BVM/Tucker's] Second Set of Interrogatories, and (3) produce text messages." (Doc. 81 at 1.)

## II. Standard

Parties may obtain discovery of "any nonprivileged matter that is relevant to any party's claim or defense . . . ." Fed.R.Civ.P. 26(b)(1). It is not necessary that the discovery be admissible at trial "if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* Nevertheless, the Court can limit discovery when it:

> (i) ... is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Fed.R.Civ.P. 26(b)(2)(C).

## III. Analysis

### A. First Set of Interrogatories

Interrogatory 3 of the First Set of Interrogatories states:

> Please state whether you are currently involved in, or have ever been involved in, during the past five (5) years, any civil lawsuits or claims, criminal actions, or administrative actions. If so, for each such matter state:
> a. the nature of the suit, claim, or action;
> b. the court or agency;
> c. the court docket number and the name of the case;
> d. the disposition of the case; and
> e. the attorneys who represented the parties.

(Doc. 81 at 4-5.)

Interrogatories 4-15 state:[1]

Please describe any and all communications that took place between and/or among you and [various individuals or entities] concerning [BVM] and/or Ms. Tucker. Please include in your answer:
    a.    when the communications took place;
    b.    where the communications took place;
    c.    who participated in the communications;
    d.    the substance of the communications; and
    e.    identify or attach a copy of any documents related to the communications.

(*Id.* at 5.)

BVM/Tucker argue that inquiring into past criminal and civil litigation is standard practice, and Interrogatory 3 therefore seeks discoverable information. (*Id.* at 15-16.) Further, BVM/Tucker argue that Interrogatories 4-15 seek relevant and discoverable communications and, therefore, each Defendant should be required to provide all the information he or she can recall regarding these communications.[2] (*Id.* at 16-17.)

The Court finds that Interrogatory 3 is overly broad to the extent it inquires whether a Defendant was or is "involved in" any civil lawsuits or claims, criminal actions, or administrative actions. The scope of the interrogatory can be narrowed

---

[1] BVM/Tucker state that Interrogatories 4-15 "are identical except for the individuals identified within each one with whom communications may have occurred." (Doc. 81 at 5 n.2.)

[2] Defendants state that they "appropriately and fairly responded to each such interrogatory by stating that all of the defendants' written communications were ascertainable in the e-mails and other documents each defendant identified and provided pursuant to Rule 33(d)." (Doc. 85 at 12.)

by inquiring whether, during the past five years, Defendants "have ever been a party to" any such actions. Because the Court will allow BVM/Tucker to make the latter inquiry by propounding a revised interrogatory if they still desire to do so, the Motion, as to Interrogatory 3, is due to be granted in part and denied in part.

The Court finds that Interrogatories 4-15, which seek specific particulars regarding "any and all communications," including oral communications, are unnecessary and excessively burdensome, particularly given the amount in controversy[3] and the ability of Movants to obtain such information by depositions or document requests. Accordingly, as to Interrogatories 4-15, the Motion is due to be denied with prejudice.

### B. Second Set of Interrogatories

BVM/Tucker's Second Set of Interrogatories contains eight additional "contention" interrogatories wherein they inquire into the denials in Defendants' answer or basis for allegations in Defendants' counterclaim. (*Id.* at 7-8.) Defendants contend that they need not answer these interrogatories in part because Movants have exceeded the 25-interrogatory limit. (Doc. 85 at 2.) Movants argue that even if the First Set of Interrogatories exceeded the 25-interrogatory limit, Defendants waived such an objection as to the Second Set of Interrogatories because they failed to raise it when answering the First Set of Interrogatories (Doc. 81 at 18). Movants

---

[3] Defendants filed an unopposed motion for early mediation, in which they stated: "[B]ecause the amount in dispute in this case is relatively small when compared to the cost of litigation, mediation at this time would be beneficial to all parties." (Doc. 49 at 2.)

also argue that their offer to redact from the First Set of Interrogatories the interrogatory subparts that requested the identification or production of documents reduced the total number of interrogatories served to under 25. (Doc. 81 at 19.) Finally, Movants argue that Defendants should not be allowed to avail themselves of the 25-interrogatory limit because the interrogatory subparts that requested the identification or production of documents did not impose any additional burden on Defendants, as such requests mirrored identical requests contained in BVM/Tucker's First Set of Requests for Production. (*Id.* at 19-20.)

The Court agrees with Defendants that the interrogatory subparts that requested the identification or production of documents contained in the First Set of Interrogatories constitute discrete subparts pursuant to Rule 33, and that the First Set of Interrogatories therefore exceeded the 25-interrogatory limit. *See* Fed.R.Civ.P. 33(a)(1). Further, Movants provide no authority indicating that a responding party's failure to object to a set of interrogatories that exceeds the limit constitutes a waiver such that the party is then open to *additional* sets of interrogatories, or that a serving party can retroactively redact a set of interrogatories that has *already been responded to* in an attempt to serve more interrogatories.

In addition, the type of contention interrogatories set forth in BVM/Tucker's Second Set of Interrogatories are generally disfavored in this District due to their potentially "overbroad and oppressive" nature and concerns of intruding into attorney work product. *See* Middle District Discovery (2001) at 16. Such interrogatories

should be used "sparingly" and should be "target[ed]" to specific types of claims or defenses. *Id.* The subject contention interrogatories do not comply with these guidelines. Accordingly, the Motion is due to be denied with prejudice with regard to the Second Set of Interrogatories.

**C.     Text Messages**

Finally, several requests contained in BVM/Tucker's First Set of Requests for Production include requests for broad disclosure of text messages. (*See* Doc. 81.) Movants argue that these text messages are discoverable, relevant, and inexpensive to produce, and that the parties agreed to produce text messages in their Agreed Discovery Protocol. (*Id.* at 20-23.) Defendants respond that the Agreed Discovery Protocol does not require production of text messages and that broad discovery of text messages is otherwise improper. (Doc. 85 at 15-20 (citing Doc. 38-1 at ¶ 15 ("This stipulation only applies to the production of emails (and any associated attachments), word processing documents, spreadsheets, presentations, and imaged documents . . . .")).)

With regard to discovery of electronic information, the Middle District Discovery Handbook states:

> In resolving a motion seeking to compel or protect against the production of electronic information or related software, the Court will consider such factors as (i) the burden and expense of the discovery, (ii) the need for the discovery, (iii) the complexity of the case, (iv) the need to protect an applicable privilege, (v) whether the information or the software needed to access the information is proprietary or constitutes confidential business information, (vi) the

breadth of the discovery request, and (vii) the relative resources of the parties.

Middle District Discovery (2001) at 21.

Given all of these factors and the factors set forth in Rule 26(b)(2)(C), the Court finds that broad production of text messages is not warranted in this case. Nevertheless, although the Court is not convinced that production of text messages is appropriate at all in this case, the Court will deny the Motion without prejudice to allow more narrowly-tailored requests, if appropriate (*e.g.*, for specific text messages or for a specific person or time frame).[4]

Finally, because the Motion is due to be granted in part and denied in part, and because the parties' positions were substantially justified, each side shall bear their own expenses.  *See* Fed.R.Civ.P. 37(a)(5)(C).

For the above stated reasons, it is **ORDERED** that:

The Motion (**Doc. 81**) is **GRANTED in part** and **DENIED in part** as to Interrogatory 3 from the First Set of Interrogatories, **DENIED without prejudice** as to the requests for production of text messages, and **DENIED with prejudice** in all other respects.

---

[4] Any such further discovery should be in accord with the principles stated in this Order.  The parties should strive to resolve any additional discovery disputes that may arise.

**DONE AND ORDERED** at Jacksonville, Florida, on December 4, 2012.

_____
JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

Counsel of Record